IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## WILLIAM E. JOHNSON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-19671     Chris Craft, Judge**

---

**No. W1999-00929-CCA-R3-CD - Decided June 27, 2000**

---

The petitioner, William E. Johnson, appeals the trial court's denial of post-conviction relief. He contends that he received the ineffective assistance of counsel because his trial attorney failed to investigate the case, did not interview witnesses, did not subpoena psychological experts, and referred to himself as a "criminal defense lawyer" in front of the jury. He also argues that the convicting court erred by denying his request that it appoint him a new attorney. We affirm the trial court's denial of post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of right; Judgment of the Criminal Court Affirmed**

TIPTON, J., delivered the opinion of the court, in which RILEY and GLENN, JJ., joined.

Jeffery S. Glatstein, Memphis, Tennessee, attorney for appellant, William Johnson.

Paul G. Summers, Attorney General & Reporter; Clinton J. Morgan, Counsel for the State; William L. Gibbons, District Attorney General; and Glen C. Baity, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The petitioner, William E. Johnson, appeals as of right from the Shelby County Criminal Court's denial of post-conviction relief from his 1995 convictions for aggravated assault, driving on a revoked license, and leaving the scene of an accident for which he received an effective sentence of twelve years in the Department of Correction. The convictions were affirmed on appeal. State v. Billy E. Johnson, No. 02C01-9605-CR-00162, Shelby County (Tenn. Crim. App. Mar. 19, 1997), app. denied (Tenn. Dec. 8, 1997). He contends that the trial court erred in finding that he received the effective assistance of counsel and that the convicting court should have granted his request for other counsel. We affirm the trial court.

The circumstances surrounding the offenses, as stated in this court's opinion on the direct appeal, are as follows:

On July 24, 1993, thirteen-year-old Becky Bailey was riding her bicycle on the street where she lived in Shelby County. As she was riding down Hale Street towards Merton, she noticed a white truck turning right onto Hale Street. The truck was traveling about 30-35 mph as it turned. She watched the driver swing the vehicle wide as he made the turn, causing the vehicle to cross over the center of the roadway to the wrong side of the street. She testified that the driver was looking over his left shoulder as he turned. Miss Bailey stated that the truck came into the lane of traffic where she was riding and headed straight for her. As a result, the truck struck her body and threw her from the bicycle onto the grassy area next to the curb.

The driver exited the truck and asked her if she was OK. She replied that she was hurt and asked that he summon her parents, who lived on the corner. The driver, promising to get help, returned to his vehicle and drove away. He never returned to the scene of the accident.

Two neighbors witnessed the accident and went to Miss Bailey's aid. Someone called the police and the neighbors decided to follow the man in the truck. As the truck went to the end of the street and turned onto Bingham, the driver began throwing Budweiser beer cans out of the truck. The two men followed the truck for several miles and wrote down the license number, but lost sight of the vehicle as they tried to flag down a policeman.

Miss Bailey suffered a broken arm, a hairline fracture of her left leg, and numerous bruises and scratches. Several days after the accident, she went to the police station and identified the appellant from a photo lineup as the driver of the truck. She also identified him at trial. The two men who followed appellant's truck likewise identified him at trial. One of the men, Clarence Williams, was an eyewitness to the accident. He confirmed that the truck was traveling 30-35 mph as it came around the corner. He described the event saying appellant "just went wide . . . he just lost control" and the truck jumped onto the opposite curb. Williams admitted that there may have been cars parked on the street where appellant turned. However, he denied that appellant needed to swing wide in order to avoid hitting them. While following the truck, appellant stopped once and asked Williams "Why you following me. If I was you, I wouldn't do you like that."

The other man, Mitchell Chandler, corroborated most aspects of Williams' testimony. He did not actually see the truck strike Miss Bailey; he only heard the accident. Chandler also testified that he observed a noticeable odor of alcohol about the appellant when he exited the truck to check on the victim. During the conversation Williams had with appellant after leaving the scene, Chandler heard appellant say that he was driving on a revoked license and that he was drunk. On cross-examination, he denied that either he or Williams threatened appellant during this conversation. Both Williams and Chandler confirmed that they heard appellant say he was going to get help when he left Miss Bailey.

Johnson, slip op at 2-4.

The petitioner claims that his trial attorney failed to investigate the case and interview witnesses, failed to subpoena psychological experts, and improperly prejudiced him by the attorney referring to himself before the jury as a "criminal defense lawyer." The petitioner and his trial attorney testified at the post-conviction evidentiary hearing. The gist of the petitioner's testimony was that he gave his attorney the names of witnesses, but the attorney failed to interview them. The petitioner also claimed that he wanted doctors from the Veterans Administration Hospital to appear and testify regarding his competency but that his attorney only got their medical records. He said that he was not happy with his attorney, but that the trial court rejected his request made a month before trial that the court appoint him another attorney. Finally, the petitioner believed that he was prejudiced by his attorney referring to himself before the jury as a criminal defense lawyer.

The petitioner's trial attorney testified that the state offered the petitioner a four-year sentence but that the petitioner rejected it. He said that the petitioner did not give him the names of any witnesses. However, the attorney interviewed the witnesses that the state expected to call and investigated the scene of the accident. He said the defense theory was simply that the petitioner was not driving in a reckless manner. The attorney testified that he had the petitioner evaluated by a psychologist. He said that he obtained the Veterans Administration Hospital records and that the psychologist reviewed them as part of his evaluation.

The trial court denied the petitioner post-conviction relief. It concluded that the trial attorney was more credible than the petitioner and that, in any event, the petitioner did not present any eyewitness or medical witness to show any prejudice.

Under the Sixth Amendment, when a claim of ineffective assistance of counsel is made, the burden is upon the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings fundamentally unfair. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 369-72, 113 S. Ct. 838, 842-44 (1993). The Strickland standard has been applied, as well, to the right to counsel under Article I, Section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

In Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court decided that attorneys should be held to the general standard of whether the services rendered were within the range of competence demanded of attorneys in criminal cases. Further, the court stated that the range of competence was to be measured by the duties and criteria set forth in Beasley v. United States, 491 F.2d 687, 696 (6th Cir. 1974) and United States v. DeCoster, 487 F.2d 1197, 1202-04 (D.C. Cir. 1973). Also, in reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; see Hellard v. State, 629

S.W.2d 4, 9 (Tenn. 1982) (counsel's conduct will not be measured by "20-20 hindsight"). Thus, the fact that a particular strategy or tactic failed or even hurt the defense does not, alone, support a claim of ineffective assistance. Deference is made to trial strategy or tactical choices if they are informed ones based upon adequate preparation. See Hellard, 629 S.W.2d at 9; DeCoster, 487 F.2d at 1201.

Also, we note that the approach to the issue of the ineffective assistance of counsel does not have to start with an analysis of an attorney's conduct. If prejudice is not shown, we need not seek to determine the validity of the allegations of deficient performance. Strickland, 466 U.S. at 697, 104 S. Ct. at 2069.

The petitioner must show both deficiency and prejudice by clear and convincing evidence. See Tenn. Code Ann. § 40-30-210(f). Our long-standing standard of review on appeal has bound us to the trial court's findings regarding the issue of ineffective assistance of counsel. See e.g., Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997). However, while reaffirming this standard for factual issues, our supreme court recently stated, without further explanation, that "the issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact," requiring a de novo review by this court. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). Regardless of which standard is used, the result in this case is the same.

Simply put, the record fully supports the trial court's findings. Moreover, the petitioner's failure to present the testimony of any witness that he claimed should have been at his trial is fatal to his complaints regarding his attorney's investigation and failure to call witnesses. See Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). Likewise, he has not shown in any fashion that the jury was prejudiced against him because his attorney called himself a criminal defense lawyer. Given the trial attorney's testimony, the record justifies a conclusion that the attorney acted competently and that the petitioner was not prejudiced by any action or non-action by his counsel. Consequently, the convicting court did not err in refusing to substitute counsel. The judgment of the trial court is affirmed.